IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK ROYSTER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-228 Erie |
| THE UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**MEMORANDUM JUDGMENT ORDER**

Plaintiff's civil rights complaint was received by the Clerk of Court on August 23, 2007 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's Report and Recommendation [66], filed on February 15, 2010, recommends that the motion for summary judgment filed by Defendant, the United States, [53] be granted. The parties were allowed ten (10) days from the date of service in which to file objections. Plaintiff's objections [67] were filed on March 1, 2010.

AND NOW, this 11th day of March, 2010, upon de novo consideration of the Magistrate Judge's Report and Recommendation [66] and the Plaintiff's objections thereto,

IT IS ORDERED that the Defendant's motion for summary judgment [53] be, and hereby is, GRANTED. JUDGMENT is hereby entered in favor of the Defendant, the United States of America, and against Plaintiff Derrick Royster.

The Report and Recommendation filed by Magistrate Judge Baxter on February 15, 2010 [66] is adopted as the opinion of this Court.[1]

---

[1] Further support for the Magistrate Judge's conclusion that the Plaintiff's claim is time-barred is found in *Lightfoot v. United States*, 564 F.3d 625 (3d Cir. 2009), where the Court stated:

> The plain language of 39 C.F.R. § 912.9(c) is fatal to Lightfoot's contention. The regulation provides that a request for reconsideration is "deemed to have been filed *when received* in the office of the official who issued the final denial ...." (emphasis added). "It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued.'" *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1980) (*quoting United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941)). In enacting the FTCA, Congress waived immunity for tort claims against the United States and its agencies, including the USPS. *See Dolan v. United States Postal Serv.*, 546 U.S. 481, 484, 126 S. Ct. 1252, 163 L. Ed. 2d 1079 (2006). However, the waiver is limited, *see Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 270 -271(3d Cir.2006), and is strictly construed in favor of the sovereign. *See Orff v. United States*, 545 U.S. 596, 601-602, 125 S. Ct. 2606, 162 L. Ed.2d 544 (2005).
>
> Courts in other jurisdictions have almost uniformly concluded that the term "presented" in the filing of an administrative claim means more than merely mailing the claim. *See Moya v. United States*, 35 F.3d 501, 504 (10th Cir.1994) (rejecting any presumption that a claim was received where an attorney by affidavit swore that she had sent a request for reconsideration by certified mail); *Drazan v. United States*, 762 F.2d 56, 58 (7th Cir.1985) ( "[M]ailing is not presenting; there must be receipt."); *Bailey v. United States*, 642 F.2d 344, 347 (9th Cir.1981) (refusing to "accept appellants' invitation to rewrite the [FTCA] and in effect repeal the regulation by holding that mailing alone is sufficient to meet the requirement that a claim be 'presented.' "). The Ninth Circuit recently noted that since Bailey, "virtually every circuit to have ruled on the issue has held that the mailbox rule does not apply to [FTCA] claims, regardless of whether it might apply to other federal common law claims." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir.2006). We now join these sister Courts in rejecting the mailbox rule and holding that a plaintiff must demonstrate that the Federal agency was in actual receipt of the claim, whether on initial presentment or on a request for reconsideration.[ ]

564 F.3d at 627-28 (footnote omitted).

IT IS SO ORDERED.

                                              s/    <u>SEAN J. McLAUGHLIN</u>

                                                    Sean J. McLaughlin
                                                    United States District Judge

cm:    All parties of record.
        U.S. Magistrate Judge Baxter